Bradley v. Pinney.

.CHARLES A. BRADLEY V. JAY · PINNEY.

No. 15,361.   (93 Pac. 585.)

PETITION—*Amendment—Limitation of Action.*   An action begun in time was not barred because the petition was amended after the statutory period had run.

Error from Stafford district court; JERMAIN ·W. BRINCKERHOFF, judge.  Opinion filed January 11, 1908. Affirmed.

*Robert Garvin,* for plaintiff in error.

*F. J. Benscoter,* and *T. W. Moseley,* for defendant in error.

*Per Curiam:* The action in the district court was upon a promissory note. The petition contained a recital that "a copy of said note is hereto attached, as a part hereof, marked 'Exhibit A.'" By mistake the original note was attached instead of a copy. The defendant answered by a qualified denial of the execution of the note described. The plaintiff asked leave to amend, which was granted on payment of costs and upon proof of the mistake or inadvertence of the attorney in attaching the original. The only amendment consisted in striking out from the recital the words "a

copy of" and inserting the words "said original." Thereupon the defendant demurred to the amended petition, on the ground that it failed to state a "cause of action against this defendant, in that said amended petition shows on its face that the pretended cause of action is barred by the statute of limitations." This demurrer was overruled, and, the defendant electing to stand upon it, judgment was awarded against him for the amount due on the note. He complains of the allowance of the amendment, and of the order overruling the demurrer. Both were right. The court might well have allowed the amendment, which was merely formal, without the imposition of terms. When the action was commenced it was not barred, although if it had been commenced at the date of the amendment it would have been too late. The contention that the amendment should be treated as a new action is without merit, and the judgment is affirmed.