WILLIAM FOX, *Appellee,* v. ARCHIE TURNER, *Appellee,* and THE KANSAS BITULITHIC COMPANY, *Appellant.*

No. 17,150.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Petition—Amendment—Time.* A petition alleging that the defendant unlawfully carried away stone from land owned by the plaintiff, and asking treble damages therefor, sufficiently states a cause of action under the act (Gen. Stat. 1909, § 9692) allowing treble damages against one who carries away stone in which he has no interest or right, from land which is not his own, so that even after the lapse of the period fixed by the statute of limitations it may be amended to conform strictly to the language of that act.

2. DAMAGES—*Diligence in Stopping Trespass—Statute.* The fact that the plaintiff did not exercise diligence to discover and stop the trespass constitutes no ground of defense, or for the reduction of damages, in an action under that statute.

Appeal from Wyandotte district court. Opinion filed June 10, 1911. Affirmed.

*J. M. Head, W. C. Culbertson, R. W. Crimm,* and *J. L. Landrey,* for the appellant.

*F. M. Woods,* and *James S. Gibson,* for the appellee.

The opinion of the court was delivered by

MASON, J.: William Fox recovered a judgment for treble damages against the Kansas Bitulithic Com-

pany, upon a charge of having dug up and carried away stone from his land. The defendant appeals. The action was founded upon the statute, which so far as is here important reads:

"If any person shall . . . dig up, quarry or carry away any stones, ore or mineral, gravel, clay or mould, roots, fruits or plants; or cut down or carry away grass, grain, corn, flax or hemp in which he has no interest or right, standing, lying or being on land not his own . . . the party so offending shall pay to the party injured treble the value of the thing so . . . carried away." (Gen. Stat. 1868, ch. 113, § 1, Gen. Stat. 1909, § 9692.)

At the trial the petition was amended so that its allegations conformed strictly to the language of the statute, but by that time the period fixed by the statute of limitations had elapsed. The defendant claims that the original petition wholly failed to state a cause of action under the statute; that if it was sufficient for any purpose, it was only as a statement of a common-law trespass, entitling the plaintiff to compensation only. If this contention is correct, the plaintiff could not, after the lapse of time had barred the statutory remedy, transform his common-law action into one for the penalty, and thereby evade the effect of the statute of limitations. (*A. T. & S. F. Rld. Co. v. Schroeder,* 56 Kan. 731; *Railway Co. v. Bagley,* 65 Kan. 188, and note thereto in 3 L. R. A., n. s., 259.) But this result does not follow unles the first petition utterly failed, when given the most favorable construction, to state a cause of action under the statute. The question therefore is whether it sets out, although informally and defectively, facts which, when aided by reasonable inferences, bring the case within the terms of the statute. It reads as follows:

"Plaintiff for cause of action against the said defendants alleges that he is and was the owner in fee of the following-described real property [describing it].

"That the Bitulithic company, one of the defendants

herein, is a corporation duly organized and existing according to law.

"That on or about the 1st day of May, 1908, and at various times thereafter and up to about the 29th day of December, unlawfully entered upon the real estate above mentioned, and dug up, quarried and carried away two thousand seven hundred and twenty-seven perch of stone, of the value of $545.40.

"Wherefore this plaintiff prays judgment in the sum of $1636.20, treble damages, sustained as aforesaid, and costs of suit."

Our attention is called to the failure to designate the defendant in connection with the allegation of the trespass, but this omission is obviously a clerical one, readily supplied by interpretation. The statutory requirements which are not explicitly stated, are that the defendant had no right or interest in the stone, and that it did not own the land. These are of course essential parts of a cause of action for treble damages. But in saying that he himself owned the land in fee the plaintiff said in effect that the defendant did not own it, and that requirement of the statute was thereby satisfied. The omission to allege in terms that the defendant had no interest or right in the stone is less easily remedied by construction; but the allegation that the stone was unlawfully dug up and carried away may reasonably be held to be a substitute for the statement that the defendant had no interest or right therein. True, the defendant's act in taking the stone might have been unlawful although it had some right or interest therein, but the pleading to escape absolute nullity need not negative every condition that might constitute a defense. A fair inference is that if the taking of the stone was unlawful, it was so because the defendant had no right or interest in it.

This case is readily to be distinguished from others in which it has been held that the substantial cause of action can not be changed after the lapse of the period fixed by the statute of limitations. Here the fact that in his original pleading the plaintiff asked treble dam-

Fox v. Turner.

ages advised the defendant at once that he was relying upon the statute and was attempting to bring himself within its terms.   There is no possibility of the defendant's having been misled.   There is no room to suppose that the plaintiff was trying to shift his ground— to avail himself of an afterthought.   He was plainly attempting from the beginning to found his action upon the statute, and however defective his pleading may have been in that aspect it was not a nullity.   The defendant refrained from questioning or criticising the petition until the statute had barred a new action, and to allow its belated objection to prevail would not be in furtherance of justice.

Cases arising under similar acts hold that the petition should conform to the statute with some strictness. (28 A. & E. Encycl. of L. 609; 21 Encyc. Pl. & Pr. 830, 831.)   This rule can be invoked to require the plaintiff to set out his facts with fullness, but not to defeat his claim by the statute of limitations, under the circumstances here presented.

The defendant complains of the refusal of the court to instruct the jury in substance that if the plaintiff had actual or constructive knowledge of the trespass and failed to stop it, he could not recover on account of stone thereafter taken.   The principle relied upon is the obligation of one injured by the wrongful act of another to use reasonable diligence to save himself from loss.   We do not think that principle applies.   Of course the plaintiff might by his conduct have been estopped to claim damages after a certain time, but the request did not present that theory.   If the plaintiff knew that the defendant was removing the stone from his land, and had reason to suppose that this was being done under some misapprehension, it was doubtless his duty to give notice of his claims.   But in the absence of special circumstances if the defendant was unlawfully engaged in removing the stone from the plaintiff's land it could not complain that he failed to use diligence in discovering the fact and protesting against it.

The defendant also objects to the judgment on the ground that the evidence showed that although it procured and used the stone from the plaintiff's land, it did so through an independent contractor, from whom it was an innocent purchaser. There was, however, a conflict of testimony in this regard, which was decided by the jury under proper instructions, and their decision is not subject to review here.

The judgment is affirmed.