No. 21,651.

KETHI ROBAR OROZEM, *Appellee,* v. C. A. McNEILL, *Appellant.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

ACTION—*Money Had and Received*—*"Relief on the Ground of Fraud"*— *Petition Construed.* The petition in an action against an attorney by his client to recover a part of an amount collected, held to show a settlement between the parties and, therefore, to state no cause of action, unless by virtue of its allegations of fraud.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion denying a rehearing filed November 9, 1918. (For original opinion of reversal see ante, p. 429.)

*E. L. Burton,* of Parsons, *C. S. Denison,* and *John L. Kirkpatrick,* both of Pittsburg, for the appellant.

*S. L. Walker,* of Columbus, for the appellee.

The opinion of the court was delivered by

MASON J.: The plaintiff has filed a petition for a rehearing in which the legal questions passed upon are further discussed. The court, however, remains of its original view.

The plaintiff also contends that the opinion is based upon an erroneous conception of her petition, especially in that the court assumed that the allegations of the pleading showed that a settlement had been effected between the plaintiff and the

Orozem v. McNeill.

defendant, by the terms of which she was to accept $2,650 in full of her share of the sum paid by the company. She asserts that this assumption is unfounded, and maintains that, considered as a whole and properly interpreted, her petition shows that an arrangement existed between her and the defendant by which the latter was to receive forty and the former sixty per cent of any amount collected from the railroad company; and that while this arrangement was in force she agreed with him that an adjustment might be made with the company such that sixty per cent of the amount paid (which would have to be $4,416.66) would amount to $2,650. If this were the actual situation, and the plaintiff received that sum ($2,650), while she was entitled to $960 more because of the company having paid $6,000, then, of course, she would be entitled to recover from McNeill the difference (or $950), irrespective of any question of fraud. If the petition shows such a state of facts, and the allegations of fraud are ignored, it sets out a good cause of action on contract.

To determine whether it fairly bears this construction requires a consideration of its exact language. The portion of it affecting this question reads as follows:

"That immediately after the acceptance of the said six thousand dollar settlement of said judgment, the said C. A. McNeill caused this plaintiff to be sent for and brought from her then home in Ross Township to his office in the City of Columbus, Kansas, and the said C. A. McNeill then and there failed, neglected, and refused to notify and inform the plaintiff that a settlement of said case and judgment for the sum of six thousand dollars had been agreed upon, but then and there falsely stated and represented to the plaintiff that if she did not accept the sum of two thousand six hundred fifty dollars as her share of said claim and judgment, that there would be an appeal taken in said case from said judgment and that there would be much more expense added and a long time before she got any money and that she would not get as much as two thousand six hundred fifty dollars in the end and she would have to make another trip to the State of Missouri and take her witnesses and have another trial of said case, and the said C. A. McNeill, then, and at all times, failed, neglected and refused to notify her of said settlement and that by virtue of the terms of the contract of employment with said attorneys she was entitled to the sum of three thousand six hundred dollars, and that there was then due and owing her the sum of three thousand six hundred dollars, as her share of said compromise settlement, but by the false statement aforesaid led her to believe that no settlement had been made but that one could probably be made for such sum and amount that her share, 60 per cent thereof, would amount to two thou-

sand six hundred fifty dollars, and that if she did not accept said sum of two thousand six hundred fifty dollars another trial would be had and she would have to make another trip to the State of Missouri, for such trial, and take witnesses to Missouri, and the expense would be large, and that she would not then receive as much as two thousand six hundred fifty dollars, and relying on such false representations and statements of said C. A. McNeill, and believing them to be true, and not knowing of said settlement for six thousand dollars, the plaintiff informed him that under such conditions she would rather accept two thousand six hundred fifty dollars, and authorized him to make a settlement accordingly."

The petition does not show that any contractual relations whatever existed between the plaintiff and defendant until the time of the conference between them referred to. The plaintiff's agreement providing for a sixty-forty division of the amount collected was made with the other attorneys, and the fact that they employed McNeill to assist them did not make him the plaintiff's attorney, nor create any contract between the plaintiff and the defendant. (2 R. C. L. 968, 969.) There seems never to have been any negotiation between the plaintiff and the defendant fixing his fee at forty per cent of the recovery.

The petition alleges that McNeill had effected a settlement with the railroad company before his conference with the defendant. This could not be literally true as a legal proposition, for up to that time the defendant had not authorized him to bind her by an agreement; the allegation should doubtless be construed as meaning that he had ascertained that the company was willing to pay $6,000 for a full release. The allegation is also made that McNeill told her that for various reasons it would be wise for her to agree to an adjustment by which she should receive $2,650 in full of her claim; that she understood from this that the settlement contemplated would be made on such a basis that sixty per cent of the amount paid by the company would amount to $2,650. It is not alleged that McNeill said so, but that by what he did say as to the wisdom of her accepting such sum, she was led to believe this to be the case. The part of the petition relating to the adjustment winds up by the statement that the plaintiff informed McNeill that under the conditions he had stated she would accept that sum and "authorize him to make a settlement accordingly."

Orozem v. McNeill.

This seems clearly to mean, not that she authorized him to settle with the company for such an amount that sixty per cent would be $2,650, but that she authorized him to make an adjustment which would include a settlement with himself, she to receive $2,650 in full satisfaction of her claim. If this interpretation is correct, the pleading shows a settlement between the plaintiff and the defendant, which interposes a bar to her recovery unless it is set aside for fraud, and the action is not one upon contract, except in the sense in which an action for fraud resulting in a benefit to the tort feasor's estate may always be so regarded. In that case the conclusions stated in the original opinion control and require an affirmance.

An argument is made to the effect that the petition should be interpreted as showing that the plaintiff did not at once learn of the falseness of the representations made to her. If she claimed that she did not learn the real facts until within two years before the commencement of the action, she could have set the matter at rest by so alleging. The case cited in the original opinion (*Young v. Whittenhall*, 15 Kan. 579) is decisive of the proposition that such an allegation is necessary.

It may be added that Mr. Justice Porter and the writer of the opinion were inclined to agree with Mr. Justice Marshall, who dissented therefrom, that the three-year statute of limitations applied, but acquiesced in the decision of the majority, the question being one of the construction of a local statute, the meaning of which seems open to doubt, and the conclusion reached by the court not being one likely to produce unjust results.

The petition for a rehearing is denied.