No. 26,303.

THE BANK SAVINGS LIFE INSURANCE COMPANY, *Plaintiff*, v. GEORGE I. GANN, *Appellee* (THE STOCKMAN'S CATTLE LOAN COMPANY, *Appellant*, et al., *Defendants*).

### SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS—*Computation of Period—Fraud.* In an action to foreclose a senior real estate mortgage where the plaintiff had impleaded several junior lien claimants as defendants, and where by cross petitions and answers such claimants had joined issues between themselves on the validity and right of precedence of their respective claims, and where the cause of action alleged in the cross petition of one of such defendants and the evidence adduced in its support clearly showed that such cross action was for relief on the ground of fraud, of which fraud the cross petitioner had knowledge and notice some two years and four months before such cross action was begun, it was barred by the statute of limitations (Civ. Code, § 17, 3d clause), and the demurrer to the cross petitioner's evidence was properly sustained.

Limitation of Actions, 37 C. J. pp. 930 n. 3, 931 n. 6; 17 R. C. L. 858.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed January 9, 1926. Affirmed.

*H. O. Trinkle,* of Garden City, and *J. W. Farrar,* of Kansas City, Mo., for the appellant.

*R. W. Hoskinson* and *Robert S. Field,* both of Garden City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:    This action was brought to foreclose plaintiff's mortgage on some 4,000 acres of Finney county land. Foreclosure was not resisted, but it precipitated sharply contested issues between various parties defendant who held junior liens and claims against the principal mortagor, W. T. Gann.

George I. Gann was a man of considerable means who had become somewhat involved in the ranching and cattle business of his brother, W. T. Gann, in southwestern Kansas. The latter had suffered severe losses by the slump in price of cattle in 1921. In the late autumn of that year he owed The Stockman's Cattle Loan Company, of Kansas City, about $25,000 evidenced by his personal promissory notes, due November 1, 1921. In consideration of six months' extension of time for payment of his indebtedness, W. T. Gann agreed to execute renewal notes for about $16,000 and secure the same by a chattel mortgage on 1,126 head of cattle, and agreed to execute a renewal note for the balance, about $9,000, which should be secured by a mortgage on an undivided half interest in 2,000 acres of unencumbered Finney county land owned by him. Gann executed notes and the chattel mortgage for the $16,000, and wrote the cattle loan company that he was having abstracts of title prepared as a preliminary to the execution of the promissory note and real estate mortgage for $9,000 which he had agreed to execute. By this pretense he put off the loan company for a few weeks while he perfected a deal with his brother, George I. Gann, whereby their lands held in common were divided, W. T. Gann getting considerably the larger acreage and giving a mortgage of $40,000 to his brother on all the land he had to balance the owelty and to secure the payment of an old debt of $5,000 which he owed his brother. When this deal had been consummated, on January 22, 1922, Gann wrote the vice president of the Stockman's Cattle Loan Company:

"My brother and I have divided our partnership land, and that has thrown

me out of the use of the unencumbered land I was planning on turning to you; am sorry I haven't the desired security to turn to you. . . ."

Shortly after receiving this letter, the cattle loan company's vice president, Broaddus, went to Garden City and talked the matter over with W. T. Gann, and also with George I. Gann, whom he endeavored to persuade that the land deal of the brothers should be set aside. Broaddus on the same trip to Garden City employed attorneys to examine the records and to inspect the deeds exchanged by the Gann brothers, and he was then advised of the $40,000 mortgage which W. T. Gann had executed to his brother covering the lands which W. T. Gann had agreed to mortgage to the cattle loan company.

The Garden City National Bank was also a creditor of W. T. Gann, and in another action it attacked the *bona fides* of the $40,-000 mortgage transaction between the brothers, with the result that the court reduced it to $30,000, but confirmed it at that figure.

In the foreclosure action brought by the plaintiff insurance company as first mortgagee, the defendant, George I. Gann, filed an answer and cross petition to foreclose his mortgage on his brother's lands. The defendant, The Stockman's Cattle Loan Company, filed its answer and cross petition setting up its oral agreement with W. T. Gann as an equitable mortgage precedent in time and in right to the mortgage held by George I. Gann, and challenging the good faith of the transaction between the brothers, and alleging that W. T. Gann was insolvent at the time the exchange of deeds and the mortgage from W. T. Gann to his brother were executed, and that the agreement between the brothers was willfully and fraudulently made for the purpose of hindering, delaying and defrauding the cattle loan company, cross petitioner, which purpose and intention were well known to George I. Gann at the time the properties were divided and the $40,000 mortgage executed.

George I. Gann filed an answer and reply to the cross petition of the cattle loan company, which traversed all its allegations and pleaded the statute of limitations.

Other issues raised in this lawsuit will need no consideration.

The trial court sustained a demurrer lodged by George I. Gann to the evidence of the Stockman's Cattle Loan Company in support of its cross petition. This resulted in the mortgage of George I. Gann getting precedence over the claim of the cattle loan company.

The single error urged in this appeal pertains to the trial court's ruling on the demurrer to the evidence adduced by the cattle loan company.

On that point it must be noted that the agreement between W. T. Gann and the cattle loan company was made early in November, 1921. In January, 1922, the cattle loan company learned that Gann had broken faith with it and had mortgaged his lands to his brother. The vice president of the company went from Kansas City to Garden City to look into the situation. He employed attorneys who investigated and apprised him of the details of the transaction between the brothers. He learned then and there that his company had been defrauded and how it had been defrauded.

The first time this issue of fraud of the brothers was introduced in this litigation—the insolvency of W. T. Gann and the exchange of deeds and the mortgaging of W. T. Gann's lands to his brother to hinder and delay the cattle loan company in the collection of its lawful claim and to defraud it of priority of its equitable lien on W. T. Gann's realty—was when the cattle loan company filed its answer and cross petition, on June 7, 1924. That was two years and some four months after the appellants' discovery of the brothers' fraud. The cross action between the cattle loan company and George I. Gann was essentially one for relief on the ground of fraud. To be effective, such an action should have been commenced within two years. It is therefore too plain for debate that when appellant first pleaded the fraud relied on to defeat or postpone the mortgage of George I. Gann, the relief prayed for was barred by the statute of limitations. (Civ. Code, § 17, 3d clause, R. S. 60-306; *Young v. Whittenhall*, 15 Kan. 579; *Doyle v. Doyle*, 33 Kan. 721, 7 Pac. 615; *Harrod v. Farrar*, 68 Kan. 153, 74 Pac. 624; *Orozen v. McNeill*, 103 Kan. 429, 175 Pac. 633, id. 103 Kan. 694, 176 Pac. 106; *Cornelssen v. Harman*, 103 Kan. 624, 176 Pac. 141; *Foy v. Greenwade*, 111 Kan. 111 and citations, 206 Pac. 332; *Hinderliter v. Bell*, 114 Kan. 857, 221 Pac. 252; *In re Estate of McFarland*, 118 Kan. 534, 235 Pac. 832. See, also, *Arnold & Co. v. Barned*, 100 Kan. 36, syl. ¶ 4, 136 Pac. 805.)

There is no escape from this conclusion; it is unnecessary to consider other matters argued in the briefs of counsel; the judgment is affirmed.