No. 28,079.

GEORGE F. ANNIS, *Appellant*, v. A. H. WARNER et al., *Appellees*.

(266 Pac. 935.)

Opinion filed May 5, 1928.

*A. R. Hetzer,* of Lakin, *J. B. Wilson* and *E. H. Beck,* both of Lawrence. for the appellant.

*Edgar Foster, Horace J. Foster, C. E. Vance, C. R. Hope* and *A. M. Fleming,* all of Garden City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action to rescind a contract for the purchase (in part an exchange) of real property, for fraudulent representations which induced its execution. The trial court sustained defendant's motion for judgment on the pleadings and the opening statement of counsel. Plaintiff has appealed.

The contract sought to be rescinded was entered into and dated November 16, 1923. The amended petition, which was plaintiff's

first pleading alleging fraud which induced the execution of the contract, was filed November 21, 1925. It contained no allegation that the fraud was discovered within two years prior to the filing of this petition. The action was therefore barred by the statute of limitations in so far as plaintiff seeks relief on the ground of the fraud alleged. (R. S. 60-306, third clause; *Main v. Payne,* 17 Kan. 608; *Doyle v. Doyle,* 33 Kan. 721, 7 Pac. 615; *Elrod v. Railroad Co.,* 84 Kan. 444, 113 Pac. 1046; *Cornelssen v. Harman,* 103 Kan. 624, 176 Pac. 141.)

When the cause of action on which plaintiff relies is first set forth in an amended petition, the date of its filing is regarded as the date of beginning the action. (*Railway Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189; *Taylor v. Swift & Co.,* 114 Kan. 431, 219 Pac. 516; *Commercial Nat'l Bank v. Tucker,* 123 Kan. 214-216, 254 Pac. 1034.)

Some months after the original contract was made, and after plaintiff had gone into possession, in part at least, of the premises purchased, he claimed damages by reason of the representations which had been made to him concerning the property and his right to possession thereof, and a supplemental contract was entered into between the parties in which plaintiff was given damages claimed by him in a substantial sum. The assertion and recovery of a claim of damages bars the plaintiff's right to rescission. If plaintiff deemed himself aggrieved or injured by representations made to him concerning the property purchased he had two remedies open to him. One was to retain the property and recover damages sustained. The other was to rescind his contract and restore the other parties to the position they were in, as nearly as that could be done. It is not consistent for a party to pursue both of these remedies, and when he pursues one of them he has in effect made an election and is not in position to pursue the other. (*Bankers Mortgage Co. v. Robson,* 123 Kan. 746, 751, 256 Pac. 997, and cases there cited.) And especially is it true that where he has sought and obtained the damages claimed he cannot, at a later date, maintain an action for rescission.

Some other questions are argued in the case, but the ones here discussed dispose of it.

The judgment of the court below will be affirmed.