No. 29,956.

J. F. KERR, *Appellant*, v. DAVID F. CARSON, *Appellee*.

(299 Pac. 929.)

Opinion filed June 6, 1931.

*S. L. Mathews,* of Kansas City, for the appellant.
*William Drennan,* of Kansas City, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This is an action to recover damages for slander. The trial court sustained a demurrer to the plaintiff's evidence. He appeals.

The petition was filed June 12, 1929, alleging that on the 15th day of June, 1928, while the plaintiff was in a helpless position as a witness in a case being heard in the district court of Wyandotte

county, the defendant, a regular practicing attorney, uttered and published in the court room a false and malicious statement. On November 14, 1929, the court made an order sustaining a general demurrer to the petition. · No appeal was taken from this order. An amended petition was filed December 12, 1929. The defendant answered, alleging a general denial and that the cause of action stated in the amended petition was barred by the statute of limitations. The cause proceeded to a trial. At the close of plaintiff's testimony the defendant demurred on three grounds: first, that the action was barred by the statute of limitations; second, that the evidence failed to show any special damages suffered by the plaintiff by reason of the alleged defamatory utterances; and third, that the alleged defamatory utterances were shown by plaintiff's evidence to be privileged. The court sustained the demurrer.

If the petition did not state a cause of action the cause is barred by the statute of limitations. (R. S. 60-306.) May this court, when the statute of limitations is a defense, examine a petition against which a demurrer has been sustained and no appeal taken therefrom for the purpose of determining whether the amendments relate back to the filing of the petition?

This court is definitely committed to the rule that an action, for the purpose of computing the statute of limitations, is not deemed commenced until the filing of a petition which states a cause of action.

In *Cunningham v. Patterson*, 89 Kan. 684, 685, 132 Pac. 198, this court said:

"In this state an action is deemed not to be commenced, for the purpose of interrupting the running of the statute of limitations, until a petition is filed which states a cause of action. A petition which is subject to a general demurrer is regarded, in this respect, as being no petition at all. (*Railway Co. v. Bagley*, 65 Kan. 188, 69 Pac. 189, 3 L. R. A., n. s., 259; *Powers v. Lumber Co.*, 75 Kan. 687, 90 Pac. 254.)"

See, also, to the same effect, *Taylor v. Swift & Co.*, 114 Kan. 431, 219 Pac. 516; *Beneke v. Bankers Mortgage Co.*, 119 Kan. 105, 237 Pac. 932; *Commercial Nat'l Bank v. Tucker*, 123 Kan. 214, 254 Pac. 1034; *Burger v. First Nat'l Bank*, 124 Kan. 23, 257 Pac. 979; *Annis v. Warner*, 126 Kan. 127, 266 Pac. 935.

This court has held that if the original petition, although informally and defectively, states facts which aided by reasonable inference constitutes a cause of action, an amendment only ampli-

fying or making more specific the allegations in the petition will relate back to the beginning of the action. (*Bradley v. Pinney*, 77 Kan. 763, 93 Pac. 585; *Railroad Co. v. Sweet*, 78 Kan. 243, 96 Pac. 657; *Fox v. Turner*, 85 Kan. 146, 116 Pac. 233; *Ballard v. Railway Co.*, 95 Kan. 343, 148 Pac. 764; *Smart v. Mayer*, 107 Kan. 203, 191 Pac. 273.)

The records of this court are replete with decisions holding that it cannot review a ruling on a demurrer unless an appeal is taken therefrom within six months from the date of the rendition of the order sustaining the demurrer. (Civ. Code, § 572; *Slimmer v. Rice*, 99 Kan. 99, 160 Pac. 984; *Buzbee v. Morstorf*, 105 Kan. 270, 272, 182 Pac. 644; *Dyer v. Johnson*, 109 Kan. 338, 198 Pac. 944; *King v. Stephens*, 113 Kan. 558, 215 Pac. 311.)

The law of this state is that an order sustaining a demurrer to a petition on the ground that it does not state a cause of action, made after the lapse of the period fixed by the statute of limitations, is in effect an adjudication that the action was not commenced in time and is barred by the statute of limitations and, unless appealed from within the time prescribed by law, cannot be reviewed by this court.

This disposes of the case and it is not necessary to consider the other questions suggested by the appellant.

The judgment is affirmed.