No. 30,280.

CLAUDE E. HAMILL, *Appellee*, v. BERTRAND D. HAMILL, *Appellant*.

(8 P. 2d 311.)

Opinion filed March 5, 1932.

*Edward T. Riling, John J. Riling* and *F. B. Dodds,* all of Lawrence, for the appellant.

*C. A. Smart,* of Lawrence, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to foreclose a mortgage on a Douglas county farm.

The issues were developed by the pleadings, which included certain exhibits, the note secured by the mortgage, the mortgage itself, and certain warranty deeds to which reference was made in the pleadings.

The material facts were these:

The late Sue M. Hamill, of Lawrence, widow, owned three farms, two in Douglas county and one in Cherokee county. Her only heirs were two sons, plaintiff and defendant herein. In October, 1927, while she was in a Lawrence hospital, she summoned to her bedside

a lawyer of Lawrence to serve her as scrivener and notary public in the making of the instruments involved in this lawsuit. From the consideration named in some of these instruments themselves it would appear that she valued her farms as follows:

The home farm, on which defendant resided, at..................... $12,000
Second Douglas county farm, called the Rock creek farm, at......... 4,000
Cherokee county farm, at ......................................... 5,000

Apparently, also, she held her two sons in equal regard, and to manifest that regard by an equitable division of her property between them, she gave plaintiff the Rock creek farm and the Cherokee farm, and gave him, also, her promissory note for $1,500 secured by a mortgage on the home farm. She then gave the home farm to the defendant. The scrivener and notary drew the proper instruments to effect this disposition of her property and Mrs. Hamill executed them. The deeds to the respective farms were delivered to these litigants. Defendant recorded his deed to the home farm on November 25, 1927, and has held possession since receiving it. This deed contained an appropriate recital that the described land was conveyed to Bertrand D. Hamill, grantee, subject to the mortgage of $1,500 in favor of Claude E. Hamill. The note and mortgage were delivered to plaintiff and the latter instrument was recorded on September 17, 1928.

Defendant's first answer to plaintiff's petition in foreclosure was filed on May 19, 1930. Plaintiff lodged a demurrer thereat, which was sustained, and by leave of court an amended answer was filed on January 7, 1931. In it defendant alleged that at the time of the execution of the note, mortgage, and deeds to these farms the mother of these litigants was eighty years old, sick and infirm, and so mentally weak and incompetent that she did not understand and realize the nature of her acts evidenced by these instruments, and that they were effected through the fraud and undue influence of plaintiff. It was further alleged that the mother died intestate on November 29, 1928, and that the note and mortgage were void, and should be canceled. It was also alleged that the deeds to the Rock creek farm and the Cherokee county farm in favor of plaintiff should likewise be canceled; that said lands were the common property of these litigants and should be partitioned, and that if the note and mortgage were canceled the home farm should similarly be partitioned.

This amended answer was met by a motion for judgment on four

grounds: (*a*) No sufficient defense stated. (*b*) Estoppel to question validity of the mortgage. (*c*) Defense of alleged fraud barred by the two-years provision of the statute of limitations. (*d*) Plaintiff's allegations of fact not denied under oath.

Judgment on this motion was entered in favor of plaintiff, and defendant appeals.

It is first urged that the trial court erred in sustaining a demurrer to the first answer. But as that ruling was acquiesced in by the filing of an amended answer it is not open to review. (*Winfrey v. Clapp,* 86 Kan. 887, 122 Pac. 893.) It cannot now be reviewed for another reason, which is that no appeal was taken from that ruling within six months, consequently this court has no jurisdiction to consider it. (*King v. Stephens,* 113 Kan. 558, 563, 215 Pac. 311; *Kerr v. Carson,* 133 Kan. 289, 299 Pac. 929.)

So far as the defense of fraud is concerned, it will be noted that all the instruments of present concern, note, mortgage, and the three deeds, were dated and apparently signed and acknowledged by the mother of the litigants on October 21, 1927. Defendant received his deed to the home farm and filed it for record himself on October 25, 1927, four days after its ostensible execution. Its receipt by him and its recording gave him notice of its contents, and that the farm was thus conveyed to him subject to the mortgage his mother had made in favor of his brother. (*Pinkerton v. Pinkerton,* 122 Kan. 131, 251 Pac. 421.) For technical considerations plaintiff's demurrer admitted defendant's allegations of fraud, but in the circumstances he could only obtain relief from such alleged fraud by affirmative action on his part within the time allowed by statute—two years. (R. S. 60-306, third clause; *Foy v. Greenwade,* 111 Kan. 111, 117-119, 206 Pac. 332; *Pinkerton v. Pinkerton,* supra; *Annis v. Warner,* 126. Kan. 127, 266 Pac. 935.) As defendant received and recorded the deed to the home farm with its recitals concerning the existence of the mortgage in favor of his brother on November 25, 1927, and took no steps to invalidate the mortgage until the filing of his first answer herein, May 19, 1930, which was more than two years after he had notice of the alleged fraud, that feature of his pleaded defense goes out of the case entirely.

Counsel for defendant, however, invoke the rule announced in *Jenkins v. Jenkins,* 94 Kan. 263, 146 Pac. 414, that as against the heirs of the grantor of a deed, where the grantor was incurably of unsound mind, the statute of limitations does not begin to run until

the death of the grantor. But here defendant is not sued as a son and heir of the grantor, nor is he defending this action to foreclose the mortgage on the ground of his heirship. Furthermore, defendant's amended answer setting up the alleged fraud was likewise barred by the two-years provision of the statute, since it was filed two years, one month and eight days after his mother's death.

But it is suggested that the allegations pleaded in the amended answer constituted matters of pure defense and that no affirmative relief was asked. Such suggestion cannot be approved. Defendant not only alleged that the note and mortgage were void, but he prayed for their cancellation; he also sought affirmatively to have the deeds whereby his mother disposed of her farms set aside, and to have the properties partitioned between himself and his brother. These were very definite pleas for affirmative relief.

In view of the foregoing, the rather obvious question of estoppel raised by plaintiff need not be considered.

There is no error in this record, and the judgment is affirmed.