No. 36,857

V. F. Schulte and Osa Schulte, *Appellees*, v. Westborough, Inc., The Rock Island Lumber Company, The McClellan Construction Company, L. H. McClellan, J. L. McClellan, and Roy Schoeb, *Appellants*.

No. 36,858

Floyd Dennon and Opal Dennon, *Appellees*, v. Westborough, Inc., The Rock Island Lumber Company, The McClellan Construction Company, L. H. McClellan, J. L. McClellan, and Roy Schoeb, *Appellants*.

(180 P. 2d 278)

Robert L. Ne Smith, judge. Opinion filed May 3, 1947.

*John F. Eberhardt*, of Wichita, argued the cause, and *Robert C. Foulston, George Siefkin, George B. Powers, Samuel E. Bartlett, Andrew F. Schoeppel, Carl T. Smith, Stuart R. Carter, Dale C. Kidwell, John J. Darrah*, and *Robert B. Morton*, all of Wichita, were with him on the briefs for the appellants.

*Richard B. Clausing*, of Wichita, argued the cause, and *Payne H. Ratner, Donald C. Allen, Frederick A. Mann*, and *Louise Mattox*, all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: These were two actions to recover damages on the theory plaintiffs were defrauded in the purchase of a dwelling house. The legal issue in the cases is identical. They were consolidated in the district court for the purpose of presenting demurrers to the respective petitions and are consolidated on appeal. The ruling on the demurrers in case No. 36,857, *Schulte v. Westborough, Inc., et al.,* will control the ruling in case No. 36,858, *Dennon v. Westborough, Inc., et al.* The defendants Westborough, Inc., and The Rock Island Lumber Company appeal from orders overruling their demurrers to plaintiffs' amended petition.

Appellees seek to have the appeals dismissed on technical grounds. We have concluded the request should be denied but shall briefly treat the point later.

The action was brought by appellees, purchasers of real estate, against a party named in the contract of purchase as the owner, a number of other appellants alleged to have been engaged in a joint enterprise with the owner, and with each other, in developing, building and selling the property and against a party claimed to have sold the property as the agent of all appellants. Only the alleged false and fraudulent representations pertaining to the basement floor of the dwelling are involved. They were:

"That in truth and in fact said representations were false in the following respects: That whereas the Federal Housing Administration specifications for the building of the basement floor in said dwelling house required a basement floor of four inches in thickness of concrete over the entire basement, the actual thickness of the basement floor of concrete of said dwelling house was as thin as from two and one-eighth (2⅛) inches to two and one-fourth (2¼) inches

and was defective thereby and by reason thereof . . . the surface waters caused by the heavy rains of about April 24, 1944, did break and crack the basement floor of said dwelling house and admitted flood waters which have damaged said plaintiffs. . . ."

The fraudulent representations were alleged to have been made at the time the property was purchased February 9, 1942. The action was not filed until April 9, 1946. It will be observed the damage to the floor was alleged to have occurred April 24, 1944. Summons was served on all defendants by April 10, 1946, which was less than two years after the date of the damage. The answer day designated in the summons was May 9, 1946, which was more than two years after the date of the damage. The demurrers to the original petition were filed in time but more than two years after the date of the damage. Appellants filed a general demurrer and also demurred for the reason the petition disclosed on its face the cause of action was barred by the statute of limitations. On September 11, 1946, more than two years after the damage, appellees filed an amended petition alleging for the first time that "the said false and fraudulent representations were not discovered by plaintiffs until on or about the 24th day of April, 1944." Appellants lodged the same demurrers to the amended petition previously leveled against the original petition. The trial court ruled the new allegation in the amended petition was too late and would not be considered. From that adverse ruling against appellees they have not appealed although they might have done so under the provisions of our cross-appeal statute. (G. S. 1945 Supp., 60-3314; *Walker v. S. H. Kress & Co.*, 147 Kan. 48, 75 P. 2d 820; *Rusch v. Phillips Petroleum Co.*, ante, p. 11, this day decided.)

The trial court interpreted the amended petition, without the amendment, as disclosing the fraud was discovered April 24, 1944, and overruled the demurrers. From that ruling the appeal is taken.

An action for relief on the ground of fraud must be commenced within two years from the time the cause of action accrues but such cause of action is not deemed to have accrued until the discovery of the fraud. (G. S. 1935, 60-306, *Third.*) Appellees cite cases in which it has been said that if the original petition, although informally and defectively, states facts which aided by reasonable inference constitute a cause of action, an amendment only amplifying or making more specific the allegations in the petition will relate back to the beginning of the action. (*Fox v. Turner*, 85 Kan. 146, 116 Pac.

233; *Ballard v. Railway Co.*, 95 Kan. 343, 148 Pac. 764; *Kerr v. Carson*, 133 Kan. 289, 299 Pac. 929, and other similar cases.) Assuming, without deciding, the amendment in the instant case had only that effect and should have been allowed, the fact remains the trial court refused to consider the amendment on the ground it was too late. Since appellees have not cross-appealed from that adverse ruling, the only order here for review is the order overruling appellants' demurrers to the amended petition, absent the amendment.

The original petition, as previously stated, was not filed until four years after the fraudulent representations were alleged to have been made. In order to toll the statute of limitations it was, therefore, necessary to allege facts which clearly disclosed the fraud was first discovered at a time which was less than two years before the commencement of the action. That fact could not be left open to conjecture. (*Young v. Whittenhall*, 15 Kan. 579; *Doyle v. Doyle*, 33 Kan. 721, 7 Pac. 615; *Myers v. Center*, 47 Kan. 324, 27 Pac. 978; *McCalla v. Daugherty*, 4 Kan. App. 410, 46 Pac. 30; *Orozem v. McNeill*, 103 Kan. 694, 176 Pac. 106; *Manka v. Martin Metal Mfg. Co.*, 153 Kan. 811, 817, 113 P. 2d 1041.) Unless the petition clearly diclosed that fact no cause of action was stated. It was equivalent to no petition. (*Cunningham v. Patterson*, 89 Kan. 684, 685, 132 Pac. 198; *Kerr v. Carson*, 133 Kan. 289, 290, 299 Pac. 929; *Bortko v. Polish National Alliance*, 154 Kan. 533, 119 P. 2d 536; *Waddell v. Woods*, 160 Kan. 481, 163 P. 2d 438.)

Beginning with the early case of *Young v. Whittenhall*, supra, we adopted and have followed the view of the Supreme Court of California, that the discovery portion of our fraud statute is in the nature of an exception to the general rule in fraud cases and that in order to obtain relief under the exception it is necessary for a pleader to clearly bring himself within the exception. We shall not burden the opinion with numerous quotations from the cases previously cited and from others which might be added. For example, however, in *Orozem v. McNeill*, supra, it was said:

"An argument is made to the effect that the petition should be interpreted as showing that the plaintiff did not at once learn of the falseness of the representations made to her. If she claimed that she did not learn the real facts until within two years before the commencement of the action, *she could have set the matter at rest by so alleging*. The case cited in the original opinion (*Young v. Whittenhall*, 15 Kan. 579) *is decisive of the proposition that such an allegation is necessary*." (p. 697.) (Italics ours.)

The instant petition failed to so allege. We are convinced the established doctrine is a wholesome one and especially so with respect to the time element in actions founded on fraud. There was a time when the defense of the statute of limitations was by some courts regarded as technical and with disfavor. The modern tendency is to the contrary. Following a discussion of the historical development of the subject in 34 Am. Jur., Limitation of Actions, § 14, it is stated:

"The modern tendency is, although there are some cases which contain statements to the contrary, to look with favor upon the defense. Statutes of limitation are now considered as wise and beneficient in their purpose and tendency, they are looked upon as statutes of repose, and are held to be rules of property vital to the welfare of society. Such statutes are deemed to be in the interest of morals, serving to prevent perjuries, frauds, and mistakes, and to render people attentive to the early adjustment of demands, and prevent the disturbance of settlements which have been made but of which the proof may have been lost."

Most statements of text writers and judges are to the same effect. So likewise in this state statutes of limitations are statutes of repose and as such have long been considered with favor. (*Freeman v. Hill,* 45 Kan. 435, 437, 25 Pac. 870; see, also, *Dougherty v. Norlin,* 147 Kan. 565, 569, 78 P. 2d 65.)

Notwithstanding the established rule that a pleader, in order to state a cause of action, must allege facts which clearly toll the running of the statute of limitations appellees contend the allegations of the petition, without the amendment, when aided by reasonable inferences to be drawn therefrom, disclose the fraud was discovered April 24, 1944. In support of the reasonable inference contention they lean heavily on *Fox v. Turner,* supra, and *Ballard v. Railway Co.,* supra. We have already indicated those cases involved primarily the right to amend. We agree with appellees the opinions in those cases state a pleader is entitled to inferences which reasonably may be drawn from facts alleged in the original petition. But for what purpose do those cases hold such reasonable inferences may be drawn? For the purpose of determining whether a cause of action is sufficiently stated in general terms in the original petition to entitle it to be amplified by amendment. We readily adhere to what was said in those cases concerning the facts pleaded in the original petition and the inferences which reasonably might be drawn therefrom and that such allegations were sufficient to permit an amendment. The cases are not authority in the instant case

where no question of appellees' right to amend is presented for review. It is, however, also well to observe that no time element touching the discovery of fraud was involved in either of those cases.

Did the instant petition, without amendment, clearly disclose the alleged fraud was not discovered until April 24, 1944? It is true it alleged that on or about April 24, 1944, the floor cracked and broke by reason of surface waters caused by heavy rains. If that was the first time the floor cracked and broke it would be reasonable to assume appellees did not, from that source, discover the full extent of the fraud prior to April 24, 1944. The petition, however, completely failed to allege the floor had not been cracked and broken by previous heavy rains or by reason of other causes before that date. There was no allegation the alleged fraud was not previously discovered from other sources. There was no allegation the general condition of the floor previously appeared to be good and thus failed to put a reasonably prudent person on inquiry. From all that appears in the petition the cement floor, if as thin as alleged, may have tended in one way or another to evidence fraud long before April 24, 1944. If so it, of course, would have required reasonably diligent investigation to discover the fraud. (*Sauberli v. Sledd*, 143 Kan. 350, 55 P. 2d 415; *Malone v. Young*, 148 Kan. 250, 81 P. 2d 23, and earlier cases therein cited.) It was not alleged reasonably diligent investigation prior to April 24, 1944, would not have led to a discovery of the fraud. Of course, the evidence might disclose appellees had no notice, warning or the slightest intimation of the fraud from any source prior to April 24, 1944. The trouble is the petition leaves the question of when the fraud was, or reasonably could have been, discovered open to conjecture. That is precisely what a petition cannot do when it attempts to toll the running of the statute of limitations.

Appellees contend if a pleading is not first attacked by motion to make it more definite and certain it will be liberally construed on demurrer. Numerous cases are cited in support of the rule. That general rule is, of course, well established. It, however, does not follow a party is obliged to motion a petition which, when liberally construed, states no cause of action before he can interpose a demurrer thereto. The demurrers should have been sustained.

Counsel for appellees raise, for the first time, in their brief, some technical objections to the consideration of the appeal. The contention is based on the failure of appellants to file their abstract

and brief in the time specified by our rule No. 8. It is true appellants did not obtain an extension of time from this court as they should have done. In some cases such failure results in hardship or disadvantage to the other party or his counsel or both. Where it does so we shall not hesitate to take such action as the circumstances warrant. Appellants filed a combined abstract and brief. Appellees filed no motion to dismiss the appeal before or after the combined abstract and brief was filed. Appellees sought no continuance. In due time they filed their brief. No counter-abstract was necessary. They agree with appellants' statement of the facts. There is no contention appellees' cause was prejudiced. The case was orally argued in this court on April 3. On April 14 appellees filed their application for leave to file a supplemental brief including authorities therein cited. The request, although out of time, was allowed. All authorities in appellees' original and supplemental briefs have been fully considered. Under these circumstances we will not dismiss the appeal.

The order of the trial court overruling the demurrers in the consolidated cases must be reversed. It is so ordered.

Hoch, J., not participating.