No. 41,224

ALVIN L. COOKSEY and FAYE COOKSEY, *Appellants,* v.
J. E. JONES, *Appellee.*

(336 P. 2d ·422)

Opinion
filed March 7, 1959.

*Eric E. Smith* and *Robert J. Dole,* both of Russell, were on the briefs for appellants.

*John K. Bremyer,* of McPherson, was on the brief for the appellee.

The opinion of the court was delivered by

JACKSON, J.: The appellants-plaintiffs filed suit in the district court alleging that they purchased a cold storage locker plant from the appellee-defendant on March 21, 1953, and contracted to pay the sum of $17,000 therefor; that the contract provided that plaintiffs should make a down payment finally agreed upon, according to a mortgage between the parties, in the amount of $8,500 and semi-annual payments of $750, together with interest until the purchase price had been paid. Plaintiffs in their petition allege that they were in possession of the plant and made payments thereon until April 20, 1956; that on said date, plaintiffs surrendered the plant to the defendant and advised him that they were rescinding the contract because of fraudulent misrepresentations. On February 20, 1957, plaintiffs filed their original petition in this suit in which they sought to recover the sum of $13,993.75 paid to the defendant on the purchase price, and alleged that the contract had been rescinded because of the fraudulent misrepresentations on the part of the defendant. The trial court sustained a demurrer to the plaintiffs' amended petition, and plaintiffs appeal from that order.

·The main grounds urged in support of the demurrer are: First, that plaintiffs' petition as amended shows that the statute of limitations has run as to any alleged fraudulent misrepresentations contained in the petition. See G. S. 1949, 60-306, *Third,* providing limitations for civil actions and which reads in part as follows:

"*Third.* Within two years: . . . an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

A second ground urged in support of the demurrer is that the plaintiffs show in their petition that they have waived any misrepresentation and may not at this late date rescind their contract.

In looking at the pleadings, it will not be necessary to make any distinction between the original and the amended petition and we shall treat the amended petition as relating back to the time of the filing of the original on February 20, 1957. After some consideration, it has been decided that it will not be necessary to encumber this opinion by setting out a copy of the amended petition. The nature of the suit attempted to be maintained has been outlined above, and it has already been noted that the district court found the petition insufficient when attacked by demurrer of the defendant. We believe certain important allegations of the petition can be noted sufficiently in discussing the sufficiency of the pleading against a demurrer without referring to a copy of the pleading.

We shall first turn to the question of whether the petition was demurrable as showing that the attempted rescission had been barred by the two year statute of limitations. The real question here is whether the petititon shows facts which indicate that the alleged fraud was discovered or reasonably should have been discovered more than two years prior to the filing of the suit on February 20, 1957.

It is shown that the plaintiffs discovered the falsity of some of the alleged misrepresentations as early as April, 1953, and before they made the final terms of the contract. They also allege that beginning with the summer of 1953, it was impossible to maintain the locker plant at a sufficiently low temperature; that between April, 1953, and January, 1956, they purchased new machinery which cost more than $5,000. It will be noted that plaintiffs alleged that defendant represented "that all the motors, compressors, condensing units and all other machinery were in good and proper working order," and that the temperature in the freezing rooms

could be easily maintained at the proper level to prevent dehydration of meat and spoilage. Certainly as early as the summer of 1953, it came to the attention of the plaintiffs that there was something radically wrong with the alleged representations of the defendant. Finally, in January, 1956, the plaintiffs allege that they discovered that the insulation was bad. They had already discovered the alleged falsity of defendant's other representations. It would seem that it would not require an expert to know that a locker plant could become warm because of poor insulation as well as from faulty machinery; that if defendant's alleged statements concerning the machinery were false, his statements concerning the insulation might also be false and that in view of the fact that the temperature of the plant could not be maintained, the insulation should be checked. Moreover, having discovered part of the alleged fraud in the matter of the machinery and the inability to maintain proper temperature, can plaintiffs say the statute of limitations did not begin to run because they apparently waived those representations? We think not.

We believe that the above facts alleged in the petition show that plaintiffs did discover or with reasonable diligence should have discovered all of the alleged fraud more than two years before this suit was begun. The rule of this court has always been that a petition based upon fraud was insufficient against a demurrer if the petition alleged facts which would reasonably put plaintiff upon notice of the alleged fraud and thus start the running of the statute more than two years prior to the instigation of the action. (See *Malone v. Young,* 148 Kan. 250, 81 P. 2d 23; *Schulte v. Westborough, Inc.,* 163 Kan. 111, 180 P. 2d 278; *City of Coffeyville v. Metcalf,* 134 Kan. 361, 5 P. 2d 807; *Duphorne v. Moore,* 82 Kan. 159, 107 Pac. 791; *Bluff City v. Western Light & Power Corp.,* 137 Kan. 169, 19 P. 2d 478 and cases cited therein.)

As early as the year 1875, this court said in the syllabus of *Young v. Whittenhall,* 15 Kan. 579:

"1. Section 18 of the Code, which provides, among other things, that 'an action for relief on the ground of fraud' can only be brought within two years after the cause of action shall have accrued, and that 'the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud,' applies to actions for *damages* founded upon fraud, as well as to actions for *equitable relief* founded upon fraud.

"2. Where the petition in such a case shows upon its face that the fraud upon which the cause of action is founded was consummated more than two years before the commencement of the action, the plaintiff must further set

forth in his petition that he did not discover the fraud until within less than two years before the commencement of the action, or his petition will be held defective on demurrer."

In the case of *Malone v. Young*, supra, the third paragraph of the syllabus read:

"Laches is not excused by courts of equity upon the mere ground of ignorance of the facts. The test is not what the plaintiff actually knows, but rather what he might have known by the use of information within his reach had he exercised the diligence the law requires of him."

In *City of Coffeyville v. Metcalf*, supra, the second paragraph of the syllabus read:

"In the subdivision of the statute of limitations relating to actions for relief on the ground of fraud and providing that a cause of action shall not be deemed to have accrued until discovery of the fraud (R. S. 60-306, *third*), discovery of the fraud means discovery of such facts as would, on reasonably diligent investigation, lead to knowledge of the fraud."

This case now before the court seems clear in the last analysis. The facts alleged in the petition of the plaintiffs appear to affirmatively show discovery that the locker plant could not be kept cool as early as the summer of 1953. It is alleged that defendant represented that the plant was easily maintained at the proper temperature. When plaintiffs found that it was impossible to maintain the proper temperatures of the locker plant in 1953, a reasonable investigation would have shown all of the reasons therefor and plaintiffs cannot delay the running of the statute of limitations by merely alleging that they only discovered the defective machinery. This occurred more than two years prior to February, 1957, and the beginning of the plaintiffs' suit to recover the money paid on the contract. It would seem that the two year statute of limitations had run before the filing of the suit.

The question of a waiver of the right to rescind has become wholly academic in view of what has already been said. However, in the case of *Cleaves v. Thompson*, 122 Kan. 43, 251 Pac. 429, the first paragraph of the syllabus read:

"Where a party desires to rescind a contract on the ground of fraud and misrepresentations, he must, upon discovery of the facts, at once or within a reasonable time, announce his purpose and adhere to it."

It appears that the trial court was correct in sustaining defendant's demurrer to plaintiff's amended petition and that the order should be affirmed.

It is hereby so ordered.