## MANZO v. DULLEA.
### No. 203.

Circuit Court of Appeals, Second Circuit.
April 18, 1938.

Max Schiff, of New York City, for appellant.

Joseph P. Walsh, of St. George, S. I., N. Y. (Alfred B. Nathan and Benjamin Lewis, both of New York City, of. counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

## CHASE, Circuit Judge.

The appellant owned the equity in a plot of land on which stood a building in Staten Island, N. Y. This real estate was encumbered by two mortgages in the total sum of $5,216.24 held by the Westerleigh Building Loan & Savings Association, and Mrs. Manzo was personally liable for the amount secured by the mortgages.

There were three policies of fire insurance issued by the National Reserve Insurance Company of Illinois, of which two, one for $16,000 and one for $10,000, covered the building, and one for $5,000 covered the furniture and other personal property. The $16,000 policy contained what is known as a standard mortgagee clause providing that a loss should be payable to the mortgagee to the extent of its interest.

A fire occurred which partially destroyed the property mortgaged and insured. Proofs of loss were filed in which $5,000 was claimed under the policy insuring the contents of the building and $9,797 under the policies on the building itself. The interest of the mortgagee in the proceeds of the loss was stated, and the appellant claimed the remainder as payable to her.

The insurance company paid the mortgagee and took assignments of the mortgages but refused to pay the appellant because of alleged fraud in the proofs of loss and on the additional ground that certain provisions of the policies relating to the storage of fireworks on the premises had been violated. Appellant consulted the appellee, an attorney at law, who undertook to represent her in the matter of the collection of the insurance in accordance wtih the terms of a written retainer executed by the appellant and her husband. This retainer provided for a contingent fee to the attorney amounting to 25 per cent. of any amount recovered by trial and to 20 per cent. of what might be realized by compromise settlement before trial.

Pursuant to the retainer, the attorney brought suit against the insurance company and recovered a judgment consisting of $13,500 damages; based on a verdict of $8,500 for the damage to the building and another of $5,000 for the damage to the personal property; $919.42 interest; and $164.87 taxable costs. That judgment was later affirmed in this court and became final. See Manzo v. National Reserve Insurance Company of Illinois, 2 Cir., 87 F.2d 1011. The judgment was entered in favor of Mrs. Manzo for the full amount under a stipulation between the parties providing that the insurance company would have the mortgage liens discharged and would pay only the remainder in satisfaction of the judgment.

This was done in due course, the attorney receiving checks aggregating $9,-423.06. The total amount of the judgment with interest and costs to the date of payment was $6,006.37 more, that being the principal and interest on the mortgages, making in all $15,429.33.

The attorney then undertook to settle with his client by deducting as his fee 25 per cent. of the entire $15,429.33; $500 for what he called an appeal fee he had paid another attorney for assistance on the appeal; and $378.02 for expenses of the litigation. The appellant objected to this settlement; (1) Because the 25 per cent. had been computed upon more than the actual $9,423.06 paid by the insurance company to satisfy the judgment; (2) because the so-called appeal fee of $500 had been deducted; (3) because the attorney's disbursements were not deducted from the amount paid before the 25 per cent. fee was computed; and (4) because an item of $144.87 included in the disbursements was not itemized.

Upon the petition of the appellant, the court below at first, being erroneously under the impression that she was not personally liable for the debt secured by the mortgages, sustained her position to the extent that the fee should be computed only upon the amount received by the attorney after the deduction from the judgment in satisfaction of the mortgages. But upon reargument, when her personal liability for the mortgage debt became apparent, the decision was changed and the fee enlarged to the amount claimed by the attorney making the order from which this appeal was taken conform in all respects to the settlement proposed by the attorney.

■ The appellant's contention that the amount deducted from the judgment and retained by the insurance company under the stipulation in satisfaction of the mortgages should not be included in the recovery on which the fee was to be computed cannot be upheld. That part of the judgment was used to pay a debt for which she was personally liable and which, but for the successful efforts of the attorney in collecting the insurance by suit, would have been left a debt secured by the mortgages on the remainder of premises undestroyed by the fire.

The standard mortgagee clause in the policy gave to the insurer the right to pay the loss to the mortgagee and to become subrogated to the extent of such payment to the rights of the mortgagee or at its option to "pay to the mortgagee * * * the whole principal due or to grow due on the mortgage with interest, and (the insurer) shall thereupon receive a full assignment and transfer of the mortgage * * *." Had the suit on the insurance been defeated the insurance company would have held the mortgages by assignment without having, of course, to pay the appellant anything. So the termination of the suit in favor of the appellant here was as necessary to the discharge of her personal liability on the mortgage debt and to free what was left of her property from the mortgage lien as it was to secure for her the part of the recovery otherwise paid. Barile v. Wright, 256 N.Y. 1, 175 N.E. 351; Surratt v. Fire Ass'n of Philadelphia, 4 Cir., 43 F.2d 467; Foster v. Van Reed, 70 N.Y. 19, 26 Am.Rep. 544.

■ The employment of an attorney to assist the appellee on the appeal is shown to have been authorized by the appellant's husband, and we think his authority to act for her in that respect sufficiently appears. But it must be remembered that the attorney was then charged by the retainer with the duty to conduct the litigation. He had already recovered a judgment in which his contingent fee contract made him financially interested. It was, therefore, encumbent upon him to explain to his client, or to her agent with whom he made the agreement modifying the retainer in this respect, fully and fairly that he was bound to do the work anyway in order that the client might act upon full information as to all the material circumstances and not assent to his proposal merely from ignorance or misunderstanding of her rights. It was by no means an arm's length transaction and the attorney failed to show circumstances which made his insistence upon help at the expense of his client fair and just. He cannot, therefore, take advantage of the modification of the original retainer. Place v. Hayward, 117 N.Y. 487, 23 N.E. 25; In re Howell, 215 N.Y. 466, 109 N.E. 572, Ann.Cas.1917 A, 527.

■ The retainer agreement was silent as to the payment of the expenses incident to maintaining the litigation. Both parties now agree that the appellee is entitled to be reimbursed for the ordinary, actual, and necessary expenses he paid. But the appellant insists that they should be deducted from the amount recovered before the attorney's fee is computed. That would, of course, have been the correct way had the retainer agreement provided for a contingent fee to be computed only upon the net amount recovered by trial.

Yet since it did not and did not deal expressly with expense reimbursement, the attorney's right to the latter follows as a matter of law from his making the advances for the benefit of the litigation he was employed to conduct. That is to say, he is entitled to have his client repay those advances to him not because the retainer agreement so provided but because the law implies such a promise by the client in addition to what was promised in the agreement of retainer. The only alternative is that the agreement itself limited the attorney's right to reimbursement to a deduction from the amount recovered. Such a construction, by making reimbursement contingent upon recovery, would cast grave doubt upon the validity of the retainer under the rule in respect to champerty and maintenance. It could be justified only upon clear evidence that such was the intent of the parties and this record is barren of that. On the contrary, it is plain enough that the attorney did not agree to bear or share any of the expenses of litigation. It follows that his client became liable for them and bound absolutely to reimburse him for what he had expended regardless of any recovery. Consequently, the amount of the expenses necessarily and actually paid was properly deducted from the remainder left for the appellant after the computation and deduction of the contingent fee.

It is said, however, that some of the items claimed for reimbursement were not sufficiently itemized or shown to have been actually paid out. This is a matter which cannot be surely decided upon the present record and which ought not longer to be a matter of dispute between the parties. As we understand it there were $144.87 of the claimed disbursements included in the bill of taxable costs paid by the insurance company; that the attorney claims to have paid out an additional $233.15 of which the appellant is willing to reimburse him to the extent of $174.85, leaving only the difference in dispute. Whether that should be paid or not merely depends upon whether the attorney can show that to have been expended, actually and necessarily, by him. We are confident that the parties can, and will, agree about that.

Order reversed, and cause remanded, with directions to enter an order eliminating the appeal fee before allowed and limiting the allowance for disbursements to whatever amount may be stipulated, or,

failing that, to whatever amount may be proved to have been actually and necessarily expended by the attorney.