HENSLEY, ROBERT E., Associate Judge.
Appeal is made from the order of the County Judge’s Court of Brevard County revoking probate of a will, the execution of which was found by the court to have been procured by the exercise of fraud and undue influence, and admitting to probate a prior will. Appellant also appeals the alleged denial of probate of a codicil to the prior will.
The substance of appellant’s assignments of error is that there was insufficient evidence to support the holding of the lower court. The evidence clearly shows a fiduciary relationship between appellant and the testator. As between the will denied probate and the one admitted to probate, the evidence shows a substantial benefit to the appellant by the execution of the latter will. Although it is disputed, there is evidence that the appellant procured the drafting of the disputed will. From these facts and others in evidence, there is more than ample testimony to have placed upon the appellant the burden to prove that the disputed will was not the result of fraud and undue influence.
The testimony has many direct conflicts. On the one hand, if believed, it discloses an elderly testator, with full mental capacity, making certain changes in a will, that such changes were not a radical departure from his prior testamentary plan, and that such changes were logical, rational and untainted by any influence on the part of the appellant. On the other hand, there is ample evidence, if believed, that the testator made substantial changes in the will, that such changes substantially benefitted the appel *344 lant, that his mental and physical condition was very poor, that there is no believable evidence that the testator directed or had anything to do with the changes made, that the drafting of such changes was directed by the appellant, that the testator was unable to read due to failing eyesight and that there was no evidence that he read the disputed will or that anyone directed his attention to the changes which were being made prior to or at the time of its execution.
The order of the lower court comes to this court with a presumption of correctness. The credibility of the witnesses and the weight of the evidence is solely a matter for the lower court to determine. We find ample evidence, if believed, to support the order appealed from.
Appellant also appeals from an alleged order of the lower court denying probate to a purported codicil to the will which was admitted to probate. This purported codicil was referred to in the testimony taken during the trial of the cause, was only marked for identification, was not placed in evidence, and was only filed in the proceedings by the court after the trial. The court noted upon the face of the purported codicil that it had not been admitted to probate. There being no petition for it to be so admitted, we hold with the lower court that such notation was not intended for, nor was it in fact, an order denying the probate of such codicil.
We affirm.
CROSS and OWEN, JJ., concur.