PER CURIAM.
Appellant, the heirs at law of the decedent, seek review of the trial judge’s denial of their petition to revoke probate of the decedent’s will.
Decedent, Alek G. Lunga, died on January 23, 1964 and left as his heirs at law two daughters and a son Gavriel. A will dated May 8, 1951 was allegedly left by decedent, but it was not discovered or deposited with the County Judge’s Court until 1969. The provisions of this will left decedent’s entire estate to Gavriel’s daughter Maria and nothing to the appellants or Maria’s father. Appellants sought to discredit the will, and at trial their primary witnesses were two handwriting experts who testified that the decedent’s signature, as well as every other signature on the will, was forged. Appellee’s principal witness was the widow of Henry A. Mason, a witness to the will. Mrs. Mason stated that she was present when the will was signed by decedent and the three witnesses to the will, and that all the signatures were proper. This appeal followed the lower court’s order admitting the will to probate.
The thrust of the appellants’ brief is directed to the sufficiency of the evidence before the trial court to support the denial of their petition for revocation of the will. They challenge the preparation and late discovery of the will as well as the genuineness of the testator’s and witnesses’ signatures appearing on the will.
Admittedly the subject will was a poorly drawn document and not every aspect of its execution is clear, but the evidence in support of its authenticity satisfies this court that the will is a true representation of the decedent’s testamentary intent.
There are two extremely persuasive items of evidence in support of the will. The first is an affidavit executed by the decedent in 1962 for the purpose of showing his ability to support Maria if she was granted permission by the United States Immigration and Naturalization Service to enter the United States. The affidavit, sworn to by the decedent, states that Maria Lunga will not become a public charge in any state, county, or municipality if admitted as a permanent resident into the United States. Decedent, in his affidavit, described several parcels of real property of which he was the owner, and stated that Maria is the sole heir of all these properties.
The second item of evidence that is most convincing is the testimony offered by Mrs. Grace Mason, the widow of Henry A. Mason, one of the witnesses to the subject will. Mrs. Mason stands as a disinterested party before this court, and stated that she was an eyewitness when the will was executed by the decedent and all the witnesses. Although this testimony is contradicted by the appellants’ handwriting experts, we follow the rule set forth in the case of In re: Krugle’s Estate, Fla.App.1961, 134 So.2d 860, to-wit: the testimony of handwriting experts standing alone is not legally sufficient to overcome the testimony of eyewitnesses to a will concerning the validity of the signatures on the will. See also Fraser v. Lewis, Fla.App. 1966, 187 So.2d 684.
*807 The trial judge, as the trier of fact, was presented with all the evidence, he had the opportunity to watch the witnesses and their demeanor, weigh the evidence accordingly, and after careful consideration of all the evidence he rendered the decision of the court. In view of the evidence before him the judge admitted the will to probate. While the evidence may be challenged as being inherently incredible and improbable, this court cannot extend to a re-evaluation of the evidence in arriving at a conclusion of improbability. Westerman v. Shell’s City, Inc., Fla.1972, 265 So.2d 43. The credibility of witnesses and the weight to be given evidence is solely a matter for the lower court to determine, In re Estate of Balch, Fla.App.1968, 215 So.2d 343, and it is not the province of a reviewing court to substitute its judgment for the trier of fact. Becklin v. Travelers Indemnity Co., Fla.App.1972, 263 So.2d 629; Griffith Services, Inc. v. Walter Kidde Constructors, Inc., Fla.App. 1972, 262 So.2d 240.
Consequently, the trial judge’s decision denying the petition to revoke probate of the decedent’s will is affirmed.
Affirmed.
CHARLES CARROLL, J., dissents.