340 So.2d 1275 (1977)
In re ESTATE OF Harry FREEDMAN, Deceased.
Nos. 75-1454, 75-1455.
District Court of Appeal of Florida, Third District.
January 4, 1977.
Horton, Perse & Ginsberg, Dunn & Johnson, Miami, for appellant.
George J. Talianoff and Paul S. Berger and Terrence Schwartz, Miami Beach, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Evelyn Freedman appeals an order denying her petition for an attorney's fee.
In an independent action brought in the civil division of the circuit court, Evelyn Freedman was successful in impressing a constructive trust on legacies bequeathed by her deceased father to her two half-sisters. Thereafter, Ms. Freedman filed in the probate division of the circuit court a petition praying that her father's estate pay her a reasonable attorney's fee as a result of her successful suit. The petition was denied.
In order to be entitled to a reasonable attorney's fee, the estate must have been benefited by the services of counsel. In Re Gleason's Estate, 74 So.2d 360 (Fla. 1954). In the case at bar the distribution was not changed, but rather a constructive trust was placed on the distributive shares of the legatees by means of a separate action in the civil division of the circuit court. We conclude that the estate was not enhanced thereby and the probate judge was eminently correct in denying Ms. Freedman an award of a reasonable attorney's fee. See In Re Farris' Estate, 113 So.2d 721 (Fla.3d DCA 1959).
Affirmed.