PER CURIAM.
Patricia Freedman appeals from an order determining construction of a marital trust. Article Second of the decedent’s Last Will and Testament provided, among other things, as follows:
“If Valerie shall survive me and shall be my wife at the time of my death, I direct that there shall be set apart for her benefits so much, if any, of my estate as shall be required, when added to (1) the sum of $50,000.00 and (2) the value of all items in my taxable gross estate that shall have passed to her otherwise and under this Will and shall qualify for the marital deduction allowable in determining the Federal Estate Tax on my gross estate, to equal in value the maximum marital deduction allowable in determining the Federal Estate Tax on my gross estate. In setting apart such portion of my estate for the benefit of Valerie, there shall not be included therein any property, or the proceeds of any property, which would not qualify for such marital deduction and all values used in computation shall be those finally determined in the Federal Estate Tax proceedings. * * * ”
The trial court ordered that the marital Trust established in Article Second of the Last Will and Testament of Harry Freedman for the benefit of his wife, Valerie K. Freedman, to be a fractional bequest [as opposed to a specific bequest] and, therefore, entitled the wife to the benefit of any increase or appreciation in assets occurring during administration.
According to New York law,[1] the marital deduction trust in the Will should be construed as fractional. Matter of Palitz, 27 N.Y.2d 540, 313 N.Y.S.2d 118, 261 N.E.2d 261 (1970); R. Covey, The Marital Deduction And The Use of Formula Provisions, (Supp.1976), pp. 90-94.
Affirmed.

. The marital deduction provisions in the Will were interpreted in accordance with New York law, as the Will of the decedent required.