375 So.2d 576 (1979)
William A. RAULERSON, Charles E. Raulerson, and Lucille Bailey, Appellants,
v.
Theodore R. METZGER, Margaret Marie Dykstra, Herbert T. Metzger, Eleanor Raulerson Pennell and Neils Peter Metzger, Appellees.
No. 77-1257/NT 4-1.
District Court of Appeal of Florida, Fifth District.
August 8, 1979.
William L. Eagan of Arnold, Matheny & Eagan, P.A., Orlando, for appellants.
Lealand L. Lovering of Lovering, Pound & Lober, Rockledge, for appellees.
CROSS, Chief Judge.
William A. Raulerson and others appeal entry of a final judgment in favor of Theodore R. Metzger and others in a case seeking rescission and cancellation of a conveyance of real property. We reverse in part, and affirm in part.
Immediately prior to her death, the decedent, Elizabeth M. Raulerson, while an invalid, allegedly conveyed title to certain real property to her son, William A. Raulerson. *577 Suit was brought seeking rescission and cancellation of the conveyance on the grounds of undue influence, mental incapacity of the grantor and forgery. After trial, the judge sitting without a jury, found that the decedent lacked mental capacity to understand the nature of her act and that the signature on the conveying instrument was forged. The court entered final judgment voiding the conveyance. This appeal followed.
Initially, the appellants argue that the lower court erred in denying a request for a trial by jury.
An action for rescission and cancellation of a deed is one previously cognizable in equity and as such is triable before the court without a jury. See, e.g., Bryant v. Small, 271 So.2d 808 (Fla. 3d DCA 1973); Davis v. McGahee, 257 So.2d 62 (Fla. 1st DCA 1972). The lower court committed no error in denying appellants' request for a jury trial.
As a second point, appellants argue that the judgment of the trial court is unsupported by substantial competent evidence.
It is axiomatic that an appellate court cannot place itself in the shoes of the trier of fact if there is competent and substantial evidence which accords with logic and reason before the trier to sustain the verdict. Glass v. Parrish, 51 So.2d 717 (Fla. 1951); State Farm Fire & Casualty Co. v. Hicks, 184 So.2d 685 (Fla. 2d DCA 1966). Thus, if there exists any substantial competent evidence on the record, the findings of fact must stand and the judgment entered thereon must be affirmed.
Subjudice, the trial court found that Elizabeth M. Raulerson was, on the day she purportedly executed the challenged conveyance, mentally incompetent to understand the nature and consequences of her alleged act. Testimony of Mrs. Raulerson's treating physician offered through deposition at trial indicated that Mrs. Raulerson was unresponsive and difficult to communicate with, and that in view of her physical and mental condition, she was incapable of understanding the consequences of her actions. This testimony was corroborated by a treating nurse whose deposition indicated that Mrs. Raulerson was totally incapable of caring for herself, that she appeared disoriented and exhibited eccentric behavior patterns. Mrs. Raulerson's daughter, Eleanor Raulerson Pennell, testified that her mother, while under her care, suffered hallucinations and exhibited eccentric behavior. The trial court upon this testimony found that the decedent was mentally incompetent at the time of the purported execution of the challenged conveyance. Although substantial testimony was offered to establish Mrs. Raulerson's competency, including circumstantial evidence indicating that Mrs. Raulerson had been considered competent at times prior to the alleged execution of the document, it is clear that the chancellor's finding of incompetency is supported by substantial competent evidence and therefore must remain undisturbed.
Appellant next challenges the sufficiency of the evidence to support the trial court's finding that the signature on the challenged conveyance was a forgery perpetrated or procured by the appellant, William A. Raulerson.
It is generally true that the testimony of a handwriting expert as to the authenticity of a signature standing alone is not legally sufficient to overcome the testimony of eyewitnesses to the signing of a document concerning the validity of the signature on that document. In re Estate of Lunga, 271 So.2d 805 (Fla. 3d DCA 1973). In the instant case, two financially disinterested parties, as well as a notary public, testified under oath that they witnessed the execution of the challenged conveyance by the decedent. In contrast, testimony was offered at trial by a handwriting expert, who stated that in his opinion the signature on the challenged deed was clearly a forgery. This opinion was corroborated by the director of activities of the nursing home where the decedent spent her last days, as well as by others who testified that the decedent suffered from a physical malady which caused her hands to shake uncontrollably. *578 Thus, the opinion of the handwriting expert, which was based in part on the absence of the irregularity of line quality in the challenged signature which would be caused by such shaking, was by inference corroborated by the evidence of the existence of this particular physical ailment. The trial court found, based upon the foregoing, that the signature of the decedent was forged. Although the evidence of forgery is scant, the findings of fact made by a trial judge who has had the opportunity to observe the demeanor and determine the credibility of witnesses and to decide the weight to be given to evidence should not be disturbed if the proffered evidence is sufficient in law to support such finding. In this case, since the opinion of the handwriting expert is corroborated by testimony as to the physical condition of the decedent, the finding of the court should not be overturned. However, the record is absolutely devoid of any evidence to support the finding that the forgery was perpetrated or procured by the appellant, and it was therefore error to so find.
As a final point, appellants challenge the award of attorneys' fees and costs.
In support of the award of attorneys' fees, the appellees urge that the instant case falls under the rule as stated in the case of Estate of Freedman, 340 So.2d 1275 (Fla. 3d DCA 1977), which recognized that attorneys' fees may be awarded where an estate has been benefited by the services of counsel. This rule, though correctly stated, is clearly not applicable to the instant case, since the award of fees was entered against William A. Raulerson, individually, and not charged against the estate of the decedent. Nor are fees available under the theory espoused in Baya v. Central and Southern Florida Flood Control District, 184 So.2d 501 (Fla. 2d DCA 1966), since there is no evidence of fraud or malice on the part of William Raulerson. The award of attorneys' fees was error. Costs, however, were properly awarded.
Accordingly, the finding of the trial court that William A. Raulerson procured the forgery is quashed, and the judgment awarding attorneys' fees is reversed. In all other respects, the judgment of the trial court is affirmed.
Reversed in part, and affirmed in part.
ANSTEAD, HARRY LEE, Associate Judge, concurs specially with opinion.
DAUKSCH, J., dissents without opinion.
ANSTEAD, HARRY LEE, Associate Judge, concurring specially:
I agree that the award of attorney's fees should be reversed. I also agree that the trial court's order voiding the deed on the grounds that the grantor was incompetent at the time of execution should be affirmed. However, I do not agree that the other findings of the trial court, discussed in Judge Cross' opinion, were erroneous.