383 So.2d 659 (1980)
Evelyn Patricia FREEDMAN, Appellant,
v.
HORTON, SCHWARTZ & PERSE, Appellees.
No. 79-1203.
District Court of Appeal of Florida, Third District.
April 15, 1980.
Rehearing Denied June 4, 1980.
*660 Devitt, Friedrich, Blackwell, Mikos & Ridley, Ft. Lauderdale, for appellant.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellees.
Before BARKDULL and HUBBART, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
PER CURIAM.
Evelyn Patricia Freedman appeals from a final judgment awarding attorneys' fees to the law firm of Horton, Schwartz and Perse (appellees). These fees were awarded to appellees predicated upon an implied contract that they would be compensated by the appellant for appellate services rendered by them in a complicated estate proceeding. For background, see: In Re Estate of Freedman, 226 So.2d 423 (Fla.3d DCA 1969) cert. denied 234 So.2d 122 (Fla. 1969); Kramer v. Freedman, 272 So.2d 195 (Fla.3d DCA 1973); Kramer v. Freedman, 295 So.2d 97 (Fla. 1974); In Re Estate of Freedman, 340 So.2d 1275 (Fla.3d DCA 1977); Freedman v. Kramer, 347 So.2d 790 (Fla.3d DCA 1977).
In the final judgment, the court made the following findings of fact and conclusions of law:
.....
"A petition for an attorneys' charging lien, or in the alternative, an award of attorneys' fees for services based upon quantum meruit, was filed on behalf of Attorneys HORTON, SCHWARTZ & PERSE. It alleged first that Evelyn Patricia Freedman had agreed to pay a fee on a contingency basis of 10% of the gross amount which ultimately would be distributable to her from her father's estate and alternatively if they were unable to establish the contingency contract the court award them a fee for their services based upon quantum meruit and require the payment from the assets of the estate distributable to Evelyn Patricia Freedman. Response was filed to said petition. The Court heard testimony and received evidence upon the issues made by the pleadings and finds as follows:
"In late 1969 Evelyn Patricia Freedman, an illegitimate child of Harry Freedman deceased, filed an action in the Probate Court of Dade County, Florida to participate in the estate of her deceased father as a pretermitted child. The trial court denied her petition to revoke probate of her father's will and to appropriate a portion of his estate for her as a pretermitted child. She took an appeal to the District Court of Appeal and that court affirmed the trial court. Shortly thereafter, when it became apparent after the ruling of the District Court that Evelyn Patricia Freedman could not obtain a portion of her father's estate *661 through an attack on his will, an independent action for the constructive trust was filed in the Circuit Court of Dade County, Florida. This action was successful to the extent that she was able to share in the estate of her father through his bequests to her two half sisters. An appeal was taken to the District Court of Appeal, Third District of Florida, by the executors of her father's estate and the District Court of Appeal affirmed the trial court's holding of a trust. The petitioners first through Alan Schwartz and later through the other petitioners, successfully retained the fruits of their success in the trial court. After the District Court of Appeal's opinion upholding the constructive trust judgment of the Circuit Court, certiorari was taken by the estate to the Supreme Court of Florida. All of the petitioners worked on the proceedings in the Supreme Court of Florida either by way of assisting in response to the jurisdictional brief and by their response to the brief on the merits after the Supreme Court had granted certiorari. After granting certiorari the cause was orally argued in the Supreme Court of Florida resulting in affirmance of the District Court of Appeal, Third District's opinion and decision. This result catapulted Evelyn Patricia Freedman from a position where she had no interest in her father's estate to the establishment of an interest in the estate of her father estimated to be between $280,000 and $300,000. Copies of the briefs in the cause both in the District Court of Appeal and the Supreme Court of Florida were furnished to Dunn & Johnson, the trial counsel, and they in turn furnished copies to Miss Freedman. Evelyn Patricia Freedman admitted that she had received copies of the opinion of the District Court of Appeal and the Supreme Court affirming the judgment of the trial court imposing a constructive trust and, of course, on those opinions appeared the names of the petitioners. Evelyn Patricia Freedman has never taken the position that the services were not rendered in this cause by the petitioners nor that the results of their efforts were not advantageous to her. She simply contends that the contract she had with Dunn & Johnson for 40% of whatever distributable share of the estate she received included the fee for appellate counsel and that in any event she had not authorized or agreed to pay a fee for appellate counsel. Attorney Dunn testified he had discussed with Evelyn Patricia Freedman her additional obligation for appellate fees to the petitioners in April 1970 and that she agreed to be responsible therefor. There is evidence in the record indicating that Evelyn Patricia Freedman knew or should have known that petitioners were acting in her behalf in the appellate courts of this state, and at no time did she correspond or communicate with the petitioners or in any other way put them on notice that she did not intend to pay them for their services. There was evidence of a contingent fee contract between Evelyn Patricia Freedman and trial counsel Dunn & Johnson but it did not contain a provision for the payment of appellate fees. This court finds that Evelyn Patricia Freedman knew or should have known of the work of the petitioners and the services which they had rendered to her. Not only did they represent her in the two appeals mentioned but there was evidence of collateral appeals handled by petitioners on her behalf growing out of the interpretation of her interest in the estate. Direct testimony by Attorney Dunn, which the court accepts, shows that he had discussed with her her additional obligation for appellate fees as early as April 1970 and that she had agreed to be responsible for those fees. There is no evidence in this record nor does the respondent contend that she demurred to the services of the petitioners or ever advised them in any manner that she did not intend to compensate them for their services. There can be no question that the services were rendered and that they were of value to the respondent. She should not be permitted to unjustly enrich herself at the expense of the petitioners whose work and services were *662 rendered over a period of more than eight years. The court finds that there was an implied contract on the part of the Respondent Evelyn Patricia Freedman to pay the petitioners a reasonable sum for their services. The only evidence before the court on the question of what is a reasonable fee is that of the petitioners and their expert Lucien Proby. The Petitioner Horton testified that in his opinion a reasonable fee would be in the neighborhood of $35,000 to $40,000. The witness Proby testified that in his opinion a reasonable fee would be $50,000.00. The court finds that a reasonable fee would be $35,000.00. The premises considered it is
"ORDERED AND ADJUDGED that the Petitioners Horton, Schwartz & Perse have and recover from the Respondent Evelyn Patricia Freedman, the sum of $35,000. The personal representatives of the estate of the decedent shall pay to said petitioners from those sums on hand belonging to the Respondent Evelyn Patricia Freedman the sum of $35,000.00. A lien is hereby impressed upon the distributable share of the Respondent Evelyn Patricia Freedman in the hands of the personal representatives of the Estate of the decedent to the extent of the fee awarded herein. This judgment shall bear interest at the legal rate as provided by Sec. 55.03 of the Florida Statutes. "DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 11th day of April, 1979.
 /s/ FRANCIS J. CHRISTIE 
 CIRCUIT JUDGE"
The appellant relies heavily on the following in her brief:
"The general rule is that an attorney has no implied authority, by virtue of his employment, to engage assistant or associate counsel at his client's expense. Orwig v. Chicago, R.I. & P.R. Co., 217 Iowa 521, 250 N.W. 148, 90 A.L.R. 258; Orozem v. McNeill, 103 Kan. 429, 175 P. 633, 3 A.L.R. 1598, on reh. 103 Kan. 694, 176 P. 106, 3 A.L.R. 1601; Forman v. Sewerage & Water Bd., 119 La. 49, 43 So. 908; Bentley v. Fidelity & D. Co., 75 N.J.L. 828, 69 A. 202; Skeen v. Peterson, 113 Utah 483, 196 P.2d 708; 7 Am.Jur.2d, Attorneys at Law Sec. 105; and the mere fact that the client knows that beneficial services are being performed, and he does not object but receives the benefits, which may be enough to raise an implied promise to pay for the services, does not necessarily do so in the case of services performed by assistant or associate counsel, since the client may logically assume that the services were performed for the original attorney and not for the client. Park v. Morin, 304 Mass. 35, 22 N.E.2d 603 (1939)."
These cases clearly indicate that the presumption can be rebutted by a sufficient showing, which we find to be the case before us and therefore, examining the record in light of the following authorities, we affirm. See: In Re Barker's Estate, 75 So.2d 303 (Fla. 1954); Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972); Kucera v. Kucera, 330 So.2d 38 (Fla. 4th DCA 1976); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Cruz v. Brown, 338 So.2d 245 (Fla.3d DCA 1976); Klarish v. Cypen, 343 So.2d 1288 (Fla.3d DCA 1977).
Affirmed.