HERSEY, Judge.
. This is an appeal from a judgment awarding partial payment to a subcontractor for work done pursuant to a construction contract. A portion of the payment demanded by the complaint was disallowed by way of set-off in favor of the general contractor. The trial court refused to impress a lien on the real property improved by virtue of the construction.
Appellant, Peerless Electric Company, Inc., entered into a contract with Hofco, Inc. which provided for Peerless to furnish the electrical work, including labor and materials, for the construction of a condominium apartment building in Highland Beach, Florida. Hofco, as General Contractor, was later replaced by Regency Highland Corporation and still later by Wadsworth and Sabrice. The real property on which the building was to be constructed was acquired in March of 1974 by Melvin T. Goldberger, Trustee. The beneficial owner, in September of 1974, wás shown by the Notice of Commencement to be Regency Highland Associates, a joint venture. In October of 1976 the property was conveyed to Regency Highland Associates, a Florida general partnership.
When Wadsworth and Sabrice were substituted as general contractors to complete construction of the building commenced by Hofco, a new agreement was entered into with Peerless for completion of its portion of the work. That subcontract-agreement contained a waiver of lien provision.
After substantially completing its work under the contract and having received various progress payments, Peerless requested final payment in the amount of $48,143.89. Payment was refused on the grounds of certain improper and incomplete items although a retainage of $30,419.51 remained of the original contract sum.
Appellant filed suit seeking recovery of the amount alleged to be due under the contract and imposition of a lien against the real property to secure payment of that amount. The legal theories relied on to accomplish the foregoing included foreclosure of a mechanic’s lien, imposition of an equitable lien, damages for breach of contract, and restitution for unjust enrichment.
At the close of plaintiff/appellant’s case in the trial court, directed verdicts were entered in favor of the individuals comprising the joint venture, Regency Highlands Associates. The order of November 27, 1978 accomplishing this was a non-final order which is properly before us in this plenary appeal from the final judgment entered on December 4, 1978. This order is supported by competent, substantial evidence, and we therefore affirm the directed verdicts.
The issues resolved by the final judgment are slightly more complex. The judgment awards Peerless, before set-offs, the amount of $30,419.51 against Regency Highlands Corporation. This is supported by a specific admission in the written agreement between these two parties dated January 21, 1976 that the amount of retainage as of that date was $30,419.51. This evidence is uncontroverted and we therefore approve that aspect of the final judgment. The evidence as to other and additional sums alleged to be due was a matter for the trial court to determine and it would be improvident for us to inquire into the weight or credibility of that evidence. In re Estate of Balch, 215 So.2d 343 (Fla.4th DCA 1968).
We consider next the propriety of that part of the judgment which charges against the amounts initially found to be due Peerless an offset in the amount of $7,165.91 for “incompleted (sic) work.” The evidence supporting this amount is inconclusive and unconvincing; furthermore, the evidence establishing a right to set-off in any amount is nebulous if not non-existent. Therefore, the trial court erred in reducing the judgment by way of a set-off. Appel-lee, Regency Highlands Corporation, admitted through its counsel during trial that the amount in question was not damages as to it. However, the trial court allowed testimony on this point by defendants’ witness “to show the amount of work that he is claiming is defective or not completed.” *1301 Peerless may owe someone $7,165.91 because of defective or incomplete work, but it does not owe Regency Highlands Corporation that or any other amount. We are not aware of any legal theory which would permit the recovery by Peerless against this corporation to be reduced, by way of set-off, in the manner accomplished by. the final judgment. We determine that the trial court committed error in that regard.
To further confuse the issue there was some evidence that amounts representing improper or incomplete work under the Peerless subcontract had previously been back-charged against Peerless by Wads-worth and Sabrice. In effect, therefore, the final judgment would have Peerless pay twice for the same items. In view of our previous disposition of this point it is unnecessary to consider the effect of that evidence. We find that it does, however, constitute additional support for our holding that the set-off is improper.
Finally, we turn our attention to the trial court’s determination that Peerless is not entitled to enforce a lien against the real property as security for the amount found to be due. Appellant apparently abandoned any attempt to enforce a mechanics’ lien by filing an amended complaint which sought, instead, to have the court impress an equitable lien on the property. The trial court denied this form of relief on several grounds. Since we find one of those grounds sufficient to support the holding, we do not discuss the others.
Peerless entered into a new agreement with Wadsworth and Sabrice to complete work on the project which had been halted when the previous general contractor abandoned the project. That new contract contained the following provision:
ARTICLE XVII. The Subcontractor for itself, its subcontractors, its material men and all other persons acting for, through or under it or any of them covenants that no mechanics liens or claims shall be filed or maintained by it, them or any of them against the said building and lot of ground appurtenant thereto or any part thereof, for or on account of any work or labor done or materials furnished by it, them or any of them under this Contract or any alterations thereof, supplement or addition thereto or otherwise for, towards in or about the erection and construction of the said building, and the Subcontractor itself and its subcontractors and all persons acting for, through, or under it, them or any of them hereby expressly waives and relinquishes all right to have filed or maintained any mechanics liens or claims against the said building or lot of ground appurtenant thereto or any part thereof, and agrees that this agreement waiving the right of lien shall be an independent covenant and shall operate and be effective as well with respect to work and labor done and materials furnished under any supplemental contract or contract for extra or additional work although not herein or therein referred to as to work and labor done and materials furnished under this Contract.
We construe that language as an irrevocable undertaking to waive both mechanics’ liens and equitable liens whether arising out of the past, present or future work on the real property, so long as that work was contemplated by the written agreement. We find, further, that all of the work referred to in the amended complaint was contemplated by the agreement. Accordingly, we do not disturb the trial court’s refusal to impose a lien on the real property-
So much of the judgment as awards damages to appellant in the amount of $30,-419.51 and refuses to impress a lien on the real property is affirmed. We also affirm the directed verdicts. That portion of the final judgment giving appellee the benefit of a set-off is reversed. The cause is remanded with instructions to enter final judgment for appellant in the amount of $30,419.51.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
ANSTEAD and GLICKSTEIN, JJ., concur.