[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 16-10925
Non-Argument Calendar

————————

D. C. Docket No. 3:14-cv-00537-HLA-PDB

DAVID DAVENPORT,
ROBIN DAVENPORT,

Plaintiffs – Appellees,

versus

THOR MOTOR COACH, INC.,
a Foreign Profit corporation,

Defendant – Appellant.

————————

Appeal from the United States District Court
for the Middle District of Florida

————————

(October 4, 2016)

Before TJOFLAT, JILL PRYOR and DUBINA, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order denying defendant Thor Motor Coach, Inc.'s request for attorneys' fees and costs pursuant to Florida's offer of judgment statute.  Fla. Stat. Ann. § 768.79 (West 2016).  Specifically, Thor Motor Coach, Inc. (Thor) argues that the district court erred in finding that Fla. Stat. § 768.79 was inapplicable because plaintiffs Robin and David Davenport's complaint included claims for both monetary and non-monetary relief.  Thor contends that as a matter of law the Davenports were not entitled to equitable relief, therefore any claim for such should not bar recovery under Fla. Stat. § 768.79.  For the reasons discussed below, we affirm.

## I. BACKGROUND

The Davenports brought suit against Thor, a non-selling manufacturer of the housing component of motor coaches, under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et. seq, and Fla. Stat. § 320.838 for breach of warranty arising out of alleged defects in their 2013 Thor Motor Coach Palazzo ("motor coach").  Under the Magnuson-Moss Warranty Act the Davenports sought an order requiring Thor to accept the return of the motor coach and refund the purchase price, as well as payment for incidental and consequential costs, attorneys' fees, and court costs.  Under Fla. Stat. § 320.838 the Davenports sought compensation for repairs to the

2

motor coach, as well as attorney's fees and costs. Pursuant to Fla. Stat. § 768.79 Thor properly made a demand for judgment, which the Davenports rejected.

Ultimately, the district court granted summary judgment in favor of Thor, finding that (1) the Davenports' request for an order requiring Thor to accept the return of the motor coach and refund the purchase price was not properly pled as a revocation of acceptance claim under Florida's Uniform Commercial Code, Fla. Stat. § 672.608, and, even if properly pled, Florida law bars revocation of acceptance claims against non-selling vehicle manufacturers; and (2) the Davenports failed to provide competent evidence showing defects in the motor coach and failed to demonstrate Thor's breach of the limited warranty.

After entry of summary judgment, Thor moved for an award of reasonable costs and attorneys' fees pursuant to Fla. Stat. § 768.79 and Fla. Stat. § 320.838. The district court denied recovery under both, finding that Fla. Stat. § 768.79 was inapplicable because the Davenports' sought both equitable and monetary relief and that Fla. Stat. § 320.838 was an inappropriate use of the court's discretion because the lawsuit was not frivolous. Thor brought this appeal claiming that Fla. Stat. § 768.79 does apply in this case, thus attorneys' fees and costs should be awarded.

## II. STANDARD OF REVIEW

We review questions of law and a district court's interpretation of a state law de novo.  *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309 (2007).

## III. ANALYSIS

Here, because jurisdiction arises under 28 U.S.C. § 1367, the applicable law depends on whether the issue is substantive or procedural.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938).  Florida's offer of judgment statute, § Fla. Stat. 768.79, is substantive law for *Erie* purposes.  *Jones*, 494 F.3d at 1309. Therefore Florida law guides our determination of whether Fla. Stat. § 768.79 is applicable in the present case.  *Id.*

The Florida Supreme Court, in *Diamond Aircraft Industries, Inc.v. Horowitch*, held that Fla. Stat. § 768.79 "does not apply to an action for both damages and equitable relief" and that "no exception for a meritless equitable claim exists."  107 So.3d 362, 376 (2013).  The court reasoned that strict construction of the statutory language, allowing recovery in "any civil action for *damages*," required the exclusion of equitable claims.  *Id.* at 374 (emphasis added). The court also noted that the statute lacked guidance as to how to calculate non-monetary damages, suggesting that the legislature intended to only include claims for monetary damages.  *Id.*  As such, the dispositive issue here is whether the

4

Davenports' action against Thor included a claim for equitable relief, in addition to their claim for monetary damages.

First, to determine whether Fla. Stat. § 768.79 applies, the nature of the Davenports' claim must be examined. The district court found that the Davenports' sought a rescission of the purchase transaction. We agree. A rescission is a restoration of the status quo–an attempt to put the parties in the same place they were before the transaction occurred. *See Phillips v. Kaplus*, 764 F.2d 807,  812 (11th Cir 1985)  By requesting that the district court order Thor to accept return of the motor coach and issue a full refund, the Davenports sought to rescind their transaction and to be restored to the position they enjoyed before the purchase. *See Borkman v. Thor Motor Coach Inc.*, No. 6:14–cv–721–Orl–31KRS, 2014 WL 7178091 at *2 (Fla. M.D. 2014) ("[T]he Borkmans seek return of the Subject Vehicle and refund of the purchase price as relief for their Magnuson– Moss Act claim.  This relief is essentially a request for rescission of the purchase transaction"); *Powers v. Lazy Days RV Center, Inc.*, No. 8:05-CV-1542-T-17- EAJ,  2006 WL 1890188 at *2 (Fla. M.D. 2006) (holding that a claim seeking return of the vehicle and full refund of the purchase price constitutes a rescission).

Next, it must be determined whether a claim for rescission is legal or equitable in nature.  Looking to its nature and history, both Florida and federal

5

courts have recognized rescission as an equitable claim. *See Scheurenbrand v. Wood Gundy Corp.*, 8 F.3d 1547, 1551 (11th Cir. 1993) (citing *E.F. Hutton & Co. v. Rousseff*, 537 So.2d 978, 981 (Fla.1989); *Royal v. Parado*, 462 So.2d 849, 853 (Fla. 1st Dist. Ct. App. 1985)); *Raulerson v. Metzger*, 375 So.2d 576, 577 (Fla. 5th Dist. Ct. App. 1979). Therefore, the Davenports' claim is properly classified as one in equity. Because the Florida Supreme Court has clearly held that the Florida offer of judgment statute, Fla. Stat. § 768.79, does not apply to actions seeking both monetary damages and equitable relief, Thor is not entitled to attorneys' fees and costs.

While not contesting the equitable nature of a claim for rescission, Thor argues that because the Davenports were never entitled to rescission as a matter of law, the award of attorneys' fees under Fla. Stat. § 768.79 is proper. In short, Thor claims that because the statute prohibits revocation of acceptance claims brought by buyers against non-selling manufacturers, the claim for equitable relief was never legally available to the Davenports, and therefore Thor is not barred from pursuing attorneys' fees under Fla. Stat. § 768.79.

However, the fact that the Davenports' claim for rescission, or revocation of acceptance, ultimately failed does not negate the fact that they made a demand for equitable relief. An analogous issue was discussed by the Florida Supreme Court

6

in *Diamond Aircraft*. 107 So.3d at 368-71. There, the plaintiff improperly filed a complaint under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), and the defendant sought attorneys' fees permitted by the Act. *Id.* The plaintiff argued that because FDUPTA was inapplicable, the defendant was not entitled to attorneys' fees. *Id.* The Florida Supreme Court disagreed;

> By invoking FDUPTA and seeking redress under its remedial provisions, [plaintiff] exposed himself to both the benefits and the possible consequences of that act's provisions…simply because FDUTPA is ultimately held to have no application and does not provide a plaintiff with a basis for recovery after the provisions of the act have been invoked does not negate a defendant's status as a prevailing party in an action filed by a plaintiff under that act.

*Id.* at 369.

Similarly, the Florida Supreme Court also rejected the idea that meritless equitable claims could function as an exception to the rule that Fla. Stat. § 768.79 does not apply to actions seeking both equitable relief and monetary damages. *Id.* at 375. The court reasoned that a consideration of the merits "does not apply to a determination as to whether section 768.79 applies to a cause of action. Instead, this factor applies only after a determination that section 768.79 is applicable and a court has moved forward to determine the reasonableness of the fees." *Id.* at 375.

Here, Thor attempts to make a distinction between meritless claims and claims that fail as a matter of law. This is a distinction without a difference. Thor's

7

theory would greatly expand Fla. Stat. § 768.79 to include any case in which the equitable claim is adjudged insufficient as a matter of law—a net that captures too many unsuccessful plaintiffs seeking equitable relief. This is not what the Florida Supreme Court intended when they rejected the application of Fla. Stat. § 768.79 in cases seeking both monetary and non-monetary damages.

Thor also argues that the district court's holding encourages the filing of frivolous equitable claims in order to escape Fla. Stat § 768.79 liability. While this is a valid concern, other mechanisms exist to protect against the filing of frivolous claims. *See e.g.* Fla. Stat. Ann. § 57.105 (West 2016) (requiring the court to award attorneys' fees to the prevailing party upon finding the losing party filed a frivolous claim). Thus, the Davenports' claim for equitable relief stands as a bar to recovery of attorneys' fees under Fla. Stat. § 768.79.

For the aforementioned reasons, we affirm the district court's order denying Thor's motion for attorneys' fees and costs.[1]

**AFFIRMED.**

---

[1] The Davenports ask for relief from the costs granted to Thor by the district court pursuant to 28 U.S.C § 1920. They do not cross-appeal, nor do they present any argument as to why the district court abused its discretion in awarding the costs to Thor. The Davenports' request is denied.